## The Richard Vaux, etc.

*(District Court, S. D. New York. June 9, 1884.)*

Seamen's Wages—Shipping Articles—Interlineations—Rev. St. § 4575.

Upon a dispute concerning the rate of a seaman's wages, where the shipping articles show alterations, a lesser rate being written over a larger, and the seaman testifies to the larger sum as the rate agreed- on, and the evidence being evenly balanced, and the alteration not otherwise satisfactorily explained, *held*, the amount as first written should be allowed, in accordance with section 4575, as a salutary rule of practice, although that section is no longer in force as an express statute applicable to vessels engaged in the coasting trade

In Admiralty.

*Hyland & Zabriskie*, for libelant.

*Alexander & Ash*, for claimant.

Brown, J. The libelant claims wages at the rate of $22 per month; the claimant alleges that he shipped at the rate of $15 a month. The crew consisted of the master, cook, and three seamen. The shipping articles show the libelant's signature, by his mark, and in the column containing the rate of wages the figures $15 are written over the figures $22, the latter being still very plainly distinguishable. Section 4575 of the Revised Statutes, sub. 4, provides that all such interlineations shall be deemed fraudulent alterations unless satisfactorily explained, etc. This provision was not in force as an express statute as respects the schooner in question, as she was in the

coastwise trade, and by the act of June 9, 1874, (18 St. at Large, p. 64, c. 260,) such vessels were excepted from the former provisions of that statute. I cannot doubt, however, that the principle of the statute is a salutary one, and should be followed as a sound rule where the evidence is conflicting. The libelant swears positively that he read the figures 22 when he signed his name to the articles; while it is claimed for the defense that the figures 22 were inadvertently written, and immediately corrected before the libelant put his mark to the articles. The appearance of the paper itself does not accord with the explanation given. It is evident the figures 22 were quite dry when the figures 15 were written over them. In the case of illiterate seamen, who are sought to be held by the shipping articles, it is but just that, in case of doubt and of alterations, every intendment should be made against those who write out the articles. If a line is filled out erroneously, a new line ought to be written which will be free from alteration and ambiguity.

In the utter contradiction which exists in this case, there is no important circumstance to support either side. It is simply one witness' testimony against the other. The object of requiring written articles was to avoid such disputes, and to protect the rights of seamen. This, I think, can only be done in such cases by adhering to the articles as they originally stand, unless the change, before signature, and the seaman's knowledge of it, are conclusively proved. That has not been done here.

Decree for the libelant for $13.14, with costs.